Joseph Jiudice, J.
This is a motion by the defendants, Connelly Industries, Inc., and Goldmark Ventures, Inc. (sued herein as Goldmark Leasing Company), both joint venturers in Cedar Associates. The defendants move for an order pursuant to CPLR 511 changing the place of the trial of this action from Suffolk County to Dutchess County. This motion to change venue is based upon CPLR 510 (subds 1, 3). Defendants claim the county designated is an improper county and also *892 move on the ground that the convenience of witnesses and the ends of justice will be promoted by the change.
Before determining the merits of the motion, this court must first determine whether or not this court is the proper one to hear the motion in the first instance. Before determining the proper venue of the action, a determination must be made with regard to the proper venue of this motion.
CPLR 511 (subd [b]) sets forth the procedure to be followed by a defendant who is claiming that the county designated is an improper one. This provision of CPLR 511 (subd [b]) as to designating the place of the motion only applies to motions for a change of venue on the grounds that the county designated in the complaint is not a proper one. This provision does not apply when the motion for a change of venue is upon either of the other two grounds contained in CPLR 510.
The instant motion is founded upon more than one of the permitted grounds under CPLR 510. One of these grounds is that the designated county is not the proper one and the other ground is the convenience of witnesses and the ends of justice. This court, therefore, would be permitted to consider only that part of the motion based upon the ground that the county designated is not the proper county. The court cannot consider that part of the motion being made on the other grounds (CPLR 2212, subd [a]; People v Archie, 52 Mise 2d 129).
Accordingly, this court has jurisdiction to determine the part of the motion for a change of venue based upon the ground that the county designated is an improper one. In respect to that part of defendants’ motion to change the place of trial for the convenience of material witnesses and that the ends of justice will be promoted by the change, this court denies that part of the motion with leave to remake that part of the motion in Suffolk County.
The material issue to be determined is whether the plaintiff’s action is really one to foreclose or enforce a mechanic’s lien and thus necessarily an action maintainable only in this county wherein the property is located, or is it, in reality, an action which is transitory in nature and properly venued in Suffolk County Supreme Court.
In determining this question, all the facts submitted in support of and in opposition to this motion together with a detailed consideration of the plaintiff’s complaint must be viewed in light of the language contained in CPLR 507, which reads as follows: "The place of trial of an action in which the *893 judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated.”
It appears the plaintiff herein was a subcontractor which agreed to furnish labor and materials at the request of the defendant, Northwood Projects, Inc., as general contractor, on the property owned by the moving defendants. It further appears the plaintiff was not paid and subsequently filed a notice of mechanic’s lien against the property, as aforesaid.
Subsequent to the filing of the lien, and prior to the commencement of this action, the moving defendants filed an undertaking as prescribed in section 19 of the Lien Law which undertaking was executed by an insurance carrier, as surety. Thereafter, plaintiff’s lien was discharged of record by order of the Dutchess County Court.
The plaintiff’s complaint contains five causes of action. Apparently, in its complaint, and particularly with respect to causes of action numbered 2, 3, 4, and 5, the plaintiff has chosen not to bring an action against the surety company on the undertaking but has, instead, chosen to impose a trust upon funds which the defendants have allegedly received and retain in their possession. The plaintiff is also claiming fraud and misrepresentation by the defendants and is seeking damages therefor. Clearly, these causes of action are transitory in nature.
It is the plaintiff’s first cause of action set forth in the complaint which bears scrutiny. The moving defendants argue that the plaintiff is asserting a cause of action to foreclose its mechanic’s lien which has, in fact, been discharged pursuant to section 19 of the Lien Law by the giving of an undertaking. Based upon this claim, defendants rely on CPLR 507 and maintain that since the property in question is located in Dutchess County, this county is the proper place of trial.
Plaintiff’s counsel acknowledges that the first cause of action has been phrased in terminology normally employed in a lien foreclosure proceeding; however CPLR 507 compels one to look at the judgment demanded in a pleading to determine whether the judgment would affect title to, or the possession, use or enjoyment of the real property in question.
The prayer for relief as to plaintiff’s first cause of action requests judgment in the following language: "1. Adjusting and determining the equities of all of the parties to this action and determining the validity, extent and priority of each and *894 all of the liens and claims which may be presented and asserted herein. "2. Adjudging that the plaintiff, by filing and causing the docketing of the mechanic’s lien as aforesaid, acquired a good and valid lien upon the interests of Cedar, as owner, and Northwood, as contractor, in the premises herein-above described, in the sum of $3,130.18 with interest thereon from May 22, 1974. "3. The defendants, and each of them, and all persons claiming by, through or under them, or any of them, be forever foreclosed of all equity of redemption or other lien, claim or interest in and to the said property.”
Nowhere in its demand for judgment as to its first cause of action is there a demand made for the foreclosure of the mechanic’s lien and for the sale of the real property in foreclosure. Assuming that judgment were to be entered in the exact terms as requested by the plaintiff insofar as its first cause of action is concerned, the result would not affect the title, possession or enjoyment of the real property as contemplated by CPLR 507. Any judgment in this regard would only determine that the plaintiff has a valid lien upon the real property at the time of filing. This, in effect, is the relief requested.
A situation not unlike the instant case was presented in Sambur v Fidelity and Deposit Co. (46 NYS2d 371). While the plaintiff therein evidently commenced an action against the surety on the bond which discharged the lien, there were alternate requests for relief. There was also a prayer for relief in the complaint relative to the mechanic’s lien not dissimilar to the prayer for relief in this plaintiffs complaint relative to its first cause of action.
The court held that when a mechanic’s lien has been discharged by either deposit or undertaking, the deposit or undertaking is substituted for the security of the real estate, and, accordingly, an action to enforce the lien changes its character and becomes transitory and may, therefore, be brought in a county other than the county where the real property is located.
In effect, therefore, any action to foreclose a lien is abated.
While it may be necessary in the final judgment in this action to determine the existence or validity of a lien on real estate at some specified time, the claim, demand for judgment, or final judgment, aré in no way and under no circumstances enforceable against the real estate in view of the prior discharge of the lien. The fact the plaintiffs mechanic’s lien was *895 discharged by an undertaking and court order prior to the commencement of its action has no bearing on the general principles of law as heretofore stated.
This court is of the opinion that this is not an action which may be maintained only in Dutchess County and it is not an action which affects the title, possession or enjoyment of real property as contemplated by CPLR 507. This is a transitory action of which Suffolk County Supreme Court has jurisdiction.
Accordingly, that portion of defendants’ motion for a change of place of trial on the grounds that Suffolk County is an improper county is denied.